## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth Transportation
Commissioner of Virginia

    v.

NA Dulles Real Estate Investor, L.L.C.

June 9, 2009

Case No. 49961

BY JUDGE THOMAS D. HORNE

On May 12, 2008, the Commonwealth Transportation Commissioner of Virginia (hereafter, "CTCV") filed a petition in condemnation against NA Dulles Real Estate Investor, L.L.C. (hereafter, "NA Dulles"). The CTCV had previously filed a Certificate of Take on April 18, 2008. The subject of the instant condemnation proceedings lies in the Broad Run Magisterial District of Loudoun County. NA Dulles asserts that the value of the property as of the date of the take is to be determined without reference to a special exception condition imposed in connection with the filing of a site plan in March 19, 2001, for the property. The CTCV asserts that it may rely upon the prior decision made by the Proffer Manager, described *infra*, in formulating its appraisal.

On February 14, 2008, the Proffer Manager issued a letter informing NA Dulles that it was required to dedicate a portion of the property to the County by virtue of the special exception, BECO SPEX # 2000-0037,

Condition 3 at a nominal ($1.00) compensation. VDOT subsequently recorded the Certificate of Take with the Clerk of the Circuit Court and entered $1.00, the appraised amount. NA Dulles objected to this appraisal, claiming that Condition 3 did not apply to the property. On June 27, 2008, NA Dulles submitted a petition for a drawdown of condemnation funds in the amount of $4,287,358.00. The Court ordered that $4,287,358.00 be disbursed to NA Dulles.

On March 20, 2009, NA Dulles filed a Motion *in Limine* to prohibit the CTCV's appraiser from relying upon the Loudoun County Proffer Manager's prior decision that NA Dulles was obligated to dedicate land under BECO SPEX Condition 3. NA Dulles' contends that (1) the special exception condition is unenforceable because the site plan submitted in connection with the application for the related special exception expired in January of 2007; and (2) the special exception dedication provision is void for vagueness and therefore unenforceable. Also, NA Dulles claims that any proceedings through the Board of Zoning Appeals (hereafter, "BZA") to appeal the claim of the Proffer Administrator's decision would be moot, as NA Dulles is no longer a party with standing. During the hearing on April 17, 2009, the Court ultimately granted NA Dulles' Motion *in Limine*. The CTCV thereafter filed a Motion for Reconsideration on May 15, 2009, which the Court now considers.

The CTCV contends in its Motion for Reconsideration that (1) NA Dulles must first perfect its appeal to the BZA prior to seeking judicial relief and (2), although BECO's data center was not constructed and site plan 2001-0062 expired after the passage of five years, the special exception remains in effect because 1972 Zoning Ordinance, § 1211 *et seq.*, contains no lapsing provision for special exceptions. The CTCV claims that, if NA Dulles wanted to modify or revoke the special exception conditions, then there must have been some timely action to do so; otherwise, the conditions remain in place. Upon reconsideration, the Court correctly determined the matter, and it so finds. Petitioner's assertion respecting issues of intent, exhaustion of administrative remedies, and lapsing remain unavailing.

*Nature of Motion in Limine*

Prior to the commencement of a trial, a party may make a motion *in limine* to determine the admissibility of critical evidentiary matters. It is appropriate to grant a motion *in limine* if the Court finds that there is no reasonable possibility that the evidence, statements, or other actions sought to

be excluded or controlled could be permissible at trial. However, courts grant motions *in limine* sparingly, due to the difficulties inherent in making such rulings.

## I. *Intent Is a Controlling Factor When a Dedication Is Recorded without a Deed*

The CTCV indicates that intent, as evidenced by the dedication of easements in accordance with the site plan, is a dispositive element toward granting the Motion for Reconsideration. However, case law suggests that intent to dedicate is the driving force behind a transfer when there is *no recorded deed*. In this case, the dedications of easements were consistent with the requirements of the special exception but could not necessarily be considered unqualified transfers.

## II. *Virginia Code Does Not Allow the County to Demand Specific Performance Compelling Dedication*

The Virginia Code does not allow the County to demand specific performance compelling dedication, but can only prohibit the approved special exception use. (§ 15.2-2309(7)). In other words, the enabling legislation would not permit localities to compel dedication pursuant to a site plan, but could only undertake to revoke permission to build under a site plan. Since the land is now owned by the CTCV, the Court may directly address the issue of valuation.

## III. *The CTCV's Argument with Respect to Continued Viability of Special Exceptions under the 1972 Zoning Ordinance Is Not Compelling for This Motion for Reconsideration*

The CTCV is correct to point out that there is no lapsing provision for Special Exceptions granted under the 1972 Zoning Ordinance applicable to the property by virtue of the fact that it falls within the Route 28 Taxing District. 1993 Revised Zoning Ordinance § 1-103(N). And the Conditions of Approval for BECO SPEX contain no lapsing provision. However, while NA Dulles may seek to develop the property in accordance with the special exception, there is no rule that they must do so. They are not handcuffed to the special exception but are free to explore, as it were, other uses.

## IV. *In Order for BECO SPEX Condition 3 to Take Effect, It Must Mitigate Some Burden Imposed by the Special Exception Use*

Even if the triggering events in the condition occurred, Virginia law requires that local governments impose conditions on special exception uses only to the extent that the conditions are necessary to mitigate the impacts of the special exception use. Moreover, NA Dulles' position becomes more compelling because the data center, in particular, generates minimal traffic. Further, since the Data Center was never built, a corollary of the "essential nexus" and "rough proportionality" test for such conditions could be that, since the Data Center was never actually built, there was no consideration for such an economically significant burden on property rights.

### Conclusion

The prior decision to grant NA Dulles's Motion *in Limine* will be affirmed. The CTCV's arguments regarding intent do not apply in this situation, remedies under the BZA are not available, and BECO SPEX Condition 3 does not proportionally mitigate any burden imposed by the special exception use. Had the General Assembly intended that local governments could take valuable real property interests from a landowner in connection with the approval of a special exception and site plan, even though the property was never put to the use authorized by the special exception, it would have said so. Though development under a special exception may not occur absent dedication of land to some public use, the process of granting permission to do so does not itself trigger the divestiture of property interests when the land is developed in a way unrelated to the special exception.

The Court will deny the Motion for Reconsideration and enter the order submitted by counsel for Respondents. Counsel for NA Dulles should prepare an Order that incorporates this opinion with the prior Order submitted and that denies the Motion for Reconsideration. Counsel may submit the separate Order and the Amendment to the Certificate of Take.